**E-Filed 7/1/2013**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>DONALD RAY WILLIAMS,<br>　　　　Defendant. | Case No. 5:08-cr-00040-JF<br><br>ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>[re: ECF No. 355] |

Defendant Donald Ray Williams seeks reconsideration of the sentence imposed by the Court on May 22, 2013. The Court has read and considered Defendant's moving papers, the government's response, and Defendant's request to file a reply brief and for an evidentiary hearing.

As the government points out, the Court is precluded by both statute and case law from granting the substantive reconsideration Defendant seeks. Accordingly, a reply brief or evidentiary hearing would serve no useful purpose. Moreover, even if it were permitted to consider the merits of Defendant's arguments, the Court would deny relief.

Because Defendant is likely to seek appellate and collateral review of the judgment, the Court is constrained to respond briefly to two assertions made in Defendant's moving papers. Defendant's counsel claims that she did not ask to present additional evidence and argument at the

sentencing hearing because she relied on the Court's statement that it had read and considered her written submissions. Essentially, she now asserts that the Court could not have imposed the sentence that it did had the Court's statement been true and that her client thus was not accorded a meaningful hearing. Counsel also argues that Defendant suffered prejudice because the hearing commenced before she had read fully an updated psychological assessment submitted by Dr. Silva immediately prior to the hearing.

Counsel's claim with respect to the Court's consideration of her submissions is without any basis in fact. The Court read and did its best to understand and take into account every page of counsel's voluminous objections to the Presentence Report as well as Dr. Silva's assessment. It has presided over every proceeding since this matter was filed in the district court, including numerous pre-trial hearings and a three-week jury trial, (all of which occurred prior to counsel's representation of Defendant) as well as the extensive post-trial proceedings involving Defendant's mental competency. It is intimately familiar with Defendant, Defendant's mental health history and counsel's arguments based on that history. While counsel has every right to disagree with the sentence her client received, the Court is satisfied that the record of the sentencing hearing, which lasted nearly an hour and in which both counsel and Defendant addressed and engaged in colloquy with the Court, reflects a full, fair and careful consideration of the relevant facts and applicable law.

While counsel did indicate at the outset of the hearing that she had not finished reading Dr. Silva's latest assessment, she did not request a delay or postponement of the hearing. Moreover, the Court, which *had* read Dr. Silva's brief report in its entirely, suggested, and counsel agreed explicitly, that Dr. Silva's updated opinion was consistent with the picture of Defendant's mental health status and history already reflected at length in counsel's submissions (in part based upon counsel's earlier interactions with Dr. Silva) and elsewhere in the record. The Court also explained at the hearing that it agreed with Dr. Silva's basic assessment of Defendant but was concerned, as was Dr. Silva himself, about the risk that Defendant might decompensate and thus become a risk to public safety outside of an institutional setting.

The Court appreciates that counsel has done her best to provide Defendant with zealous representation. Because it feels compassion for Defendant despite his criminal acts, and because it

has believed for some time that justice would be served best by bringing this difficult case to a conclusion so that Defendant may receive the mental health treatment he so clearly needs, the Court has for the most part looked past counsel's unorthodox style of written and oral advocacy and unwarranted attacks on the professionalism of both counsel for the government and the probation officer. Counsel's claims in support of the present motion are part of the same unfortunate pattern and are similarly unfounded.

The motion for reconsideration, request to file a reply brief and request for an evidentiary hearing are DENIED.

IT IS SO ORDERED.

DATED: July 1, 2013



_____
JEREMY FOGEL
United States District Judge

3