**United States District Court**
For the Northern District of California

**\*\*E-Filed 11/15/2013\*\***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD RAY WILLIAMS,<br><br>Defendant. | Case No. 5:08-cr-00040-JF<br><br>ORDER DEFERRING CONSIDERATION OF AND ADMINISTRATIVELY TERMINATING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255<br><br>[re: ECF Nos. 400, 407] |

On May 22, the Court imposed sentence upon Defendant following his conviction of one count of arson pursuant to 18 U.S.C. § 844(i). ECF Nos. 349, 350. On July 1, 2013, the Court denied Defendant's motion for reconsideration. ECF No. 365. On September 19, 2013, Defendant filed a notice of appeal (ECF No. 402) and a duplicate of that notice (ECF No. 405). Also on September 19, 2013, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 407) and a number of supporting documents (ECF Nos. 400, 401, 403, 404, 406) that he requested be considered "as part and parcel of the *one* 2255 motion" (ECF No. 408).

The Ninth Circuit "has held that '[e]xcept under most unusual circumstances . . . no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255

proceeding considered simultaneously in an effort to overturn the conviction and sentence.'" *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988) (alteration in original) (quoting *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970)). Defendant does not assert the existence of unusual circumstances warranting consideration of his § 2255 motion during the pendency of his direct appeal. Instead, he requests that the Court issue an indicative ruling pursuant to Federal Rule of Criminal Procedure 37, which provides in relevant part:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>     (1) defer considering the motion;
>
>     (2) deny the motion; or
>
>     (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).

Based upon the current record, the Court cannot state either that it would grant the § 2255 motion on remand or that the motion raises a substantial issue. However, the Court is not prepared to deny the motion outright at this time. The Court notes that the government has not had an opportunity to respond to the § 2255 motion. Accordingly, the Court hereby DEFERS consideration of the § 2255 motion. The motion will be administratively terminated pending disposition of the appeal. Following issuance of the mandate by the Court of Appeals, the motion will be reinstated upon Defendant's request.

IT IS SO ORDERED.

DATED: November 15, 2013

_____
JEREMY FOGEL
United States District Judge